### THE STATE OF TEXAS v. HENRY HUTCHINGS ET AL.

#### No. 1453.

**Construction of Statute—Public Printing.**

Article 3992 of the Revised Statutes, requiring that the Printing Board shall contract with some suitable person "who shall be a resident of this State, to print and bind the laws, journals," etc., does not, by construction, require that the printing and binding shall be done in the State; nor will the further requirement (Art. 4003) that the advertisement for bids on the printing and binding shall be published in newspapers in the State justify such construction.

APPEAL from Travis. Tried below before Hon. F. G. MORRIS.

*M. M. Crane*, Attorney-General, and *James A. Breeding*, for appellant.

*Walton & Hill* and *Geo. F. Pendexter*, for appellees.

COLLARD, ASSOCIATE JUSTICE.—This is a suit instituted by the State of Texas against Henry Hutchings for $2725, and against him as principal and J. T. Brackenridge and Frank Hamilton as sureties for $1000 of such amount.

A jury was waived and the case tried by the district judge, who rendered judgment for defendants, from which the plaintiff has appealed.

The case is well stated in the brief of Attorney-General Crane, and we adopt that part of his brief as a correct statement of the case, as follows:

"The State of Texas, through its printing board, in the year 1891, advertised for bids to print certain reports of the Supreme Court and Court of Criminal Appeals of said State; in response to said advertisement, a bid was made by the defendant Henry Hutchings, and accepted by the said printing board. The defendant Hutchings presented with his bid his bond in the sum of one thousand dollars, with the defendants J. T. Brackenridge and Frank Hamilton as sureties, conditioned in accordance with the law, that should the contract for the printing said court reports be awarded to him, he would, without delay, upon being notified of such award, enter into a written contract in accordance with law, and with his proposal, and would give bond and security as required by law for the faithful performance of such contract. This bid was accepted by the printing board, and then the defendant Hutchings refused to enter into a contract in accordance with the interpretation of the law as made by the printing board, which was to the effect that he must bind himself in his contract, and by his bond, to do the printing in Texas. This he refused to do, because he insisted that the law did not compel him to do the printing in Texas, nor the advertisement in response to which he made his bid. The printing board then awarded the contract to Clarke & Courts, and was compelled to pay the sum of $2725 more than the bid of the said Hutchings in order to secure the work to be done. Suit was brought in the District Court of

Travis County on the 15th day of February, 1892, for the purpose of recovering the $2725 as damages from the defendant Hutchings, and the sum of $1000 from his sureties, Brackenridge and Hamilton, in accordance with the terms of the bond hereinbefore referred to. The cause came on for trial on the 28th day of June, 1895, upon practically an agreed statement of facts, to the effect that the State was entitled to recover the amount claimed in its petition against the defendants Hutchings, Brackenridge and Hamilton, as stated in its pleadings, unless it be held that the printing board had no authority to require the defendant Hutchings to do the printing in Texas, the advertisement under which his bid was made not specifically so stating, but only referring to the statute which the printing board insisted required the work to be done in Texas. Judgment was rendered in favor of the defendants, and from this judgment plaintiff appealed."

It was proved that the work could be done outside of the State at cheaper rate than in the State.

*Opinion*—There is but one assignment of error, and by it appellant contends that under article 3992 of the Revised Statutes the printing board had authority to require Hutchings to contract to do the printing or have it done in the State.

The statute reads: "The board of public printing are authorized and required to contract as hereinbefore prescribed, with some suitable person or persons who shall be a resident of this State to print and bind the laws and the journals of the Senate and House of Representatives, and to do such other printing and binding and to furnish such stationery as may be required by law, or may be needed by any department of the State government or by either house of the Legislature, not to include such work as may be done at the deaf and dumb asylum, nor such stationery, printing and binding as may be used by the judicial department."

It is not contended by appellant that this clause of the statute expressly declares that the work of printing and binding should be done in the State, but that such intention should be implied from the fact that it requires the contractor to be a resident of the State, and from other articles of the same act upon the same subject.

We cannot concur in this contention. The intent of the statute is the question. "The statute itself furnishes the best means of its own exposition." Suth. on Stat. Construction, sec. 219. There is nothing in the language of the article quoted to authorize the construction placed upon it by appellant. The courts cannot enlarge the statute to make it include provisions not expressed, unless such provisions are to be implied from it, or other parts of the act, or other statute laws in pari materia.

To support the contention of appellant we would have to change the language of the article, or supply another clause. We would be compelled to add something not expressed, and thus make the law convey

a meaning not manifest in the language used. The language used is not of doubtful meaning, or in the least ambiguous, not a word needs construction or definition. It clearly means that the contract shall be awarded to some person or persons resident in the State, and implies the negative, that, it shall not be awarded to one resident out of the State. Statutes imply a negative of what is affirmed. Bryan v. Landburg, 5 Texas, 423. But other affirmatives and other negatives would have to be supplied to make this statute read, "and the printing, binding, etc., must be done in the State." The legislative will, as far as shown by the terms of the act, will be fully enforced by contracting with a person resident in the State to do the work. And it would not be inconsistent with this to permit him to go out of the State to do the work, or to employ others out of the State to do any or all of it. Such an implication claimed by appellant could no more be urged than that the material should be obtained in the State. If the contractor be a resident of the State and complies with his contract, it is immaterial, under the law as it is enacted, whom he employs to do it, how or where he does it, or where he obtains the material.

Art. 4003, Revised Statutes, upon the sume subject, requires that the advertising for bids on the printing, binding, and furnishing stationery shall be published in newspapers in the State, and appellant argues that this justifies the construction insisted on. This provision is entirely consistent with the plain meaning of the statute as we read it. No other person but one resident in the State would be interested in the advertisement, as the contract could not be given to a non-resident.

Nor is it believed article 4014 of the same chapter of the Revised Statutes aids the construction insisted on by appellant. It makes it the duty of the secretary of state to read and revise the proofs and superintend such printing, and to compare same with the originals in his office. Appellant insists that as it would be inconvenient for the secretary of state to go to Chicago, St. Louis or New York to perform this duty, it was the intention of the law that the printing, etc., should not be done there or elsewhere out of the State.

The secretary would not be required to be in New York or other place out of the State to perform the duty imposed upon him. Nor would it require him to be present in Galveston where the work was in fact done. He could remain in his office and comply with the law, certainly as efficiently, whether the work was done in Galveston or St. Louis. If it had been the intention of the Legislature that he should go out of his office and be present when and where the work was done, and to make it convenient for him to discharge the duty, the Legislature would have specified that the work should be performed in the city of Austin or at the capitol.

For obvious reasons the same act as adopted in the Revised Statutes provided that the current printing of the Legislature should be done at the seat of government. Rev. Stats., art. 3999. This is clear and unmistakable. If it had been the intention of the Legislature that other

printing, as included in the bid of appellee, should be done in the State, it would have been as positively and affirmatively stated and not left to a doubtful, and, as we believe, an unreasonable construction. We do not believe that the construction appellant seeks to place upon the statute would be correct. To do so would be to legislate, a function that does not belong to the courts or to the printing board, and we therefore conclude the judgment of the lower court was correct and should be affirmed, and it is so ordered.

*Affirmed.*

Delivered October 16, 1895.

Writ of error refused.